IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE A. KOHL | : | Case No. 3:12-CV-02190 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | (Magistrate Judge Cohn) |
| CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY | : | |
| Defendant. | : | |

**MEMORANDUM**

April 14, 2015

On January 15, 2015, Magistrate Judge Gerald B. Cohn filed a Report and Recommendation ("R&R") affirming the decision of the Administrative Law Judge ( "ALJ"). ECF No. 35. On March 30, 2015, Plaintiff, Joyce A. Kohl, filed objections to the R&R. ECF No. 40. The Commissioner did not respond to the objections. Upon consideration of the record of the proceedings before the ALJ, the R&R, and the Plaintiff's objections, the Court approves and adopts Magistrate Judge Cohn's R&R.

**I. Standard of Review**

When objections to the magistrate judge's reports are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks,* 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) provided that the objections are both timely and specific. *Goney v. Clark*, 749, F.2d 5, 6-7 (3d Cir. 1984). In making a *de novo* review, the Court may accept, reject or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v Beard,* 829 F. Supp. 736, 738 (M.D. Pa 1993)(McClure, J.) The Commissioner's factual findings must be deemed conclusive unless the reviewing court finds they are not supported by substantial evidence. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Substantial evidence is less than a large or considerable amount of evidence; it only requires enough relevant evidence that a reasonable mind might accept it as adequate to support a conclusion. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999).

**II. Discussion**

The relevant facts in this case are set forth in the R&R. The crux of Plaintiff's objections is that the ALJ gave insufficient weight to the retrospective opinion of her treating physician, Frank D. O'Brien III, M.D. Tr. 464. The opinion consists mainly of a Residual Functional Capacity questionnaire ("RFC"), which outlines Plaintiff's

physical limitations and concludes that Plaintiff is "unable to work", and a notation which Plaintiff characterizes as a retrospective opinion on her disability. Tr. 463-68.

Plaintiff urges the Court to find that "a treating physician may offer a retrospective opinion on the past extent of an impairment" and the "opinions of a claimant's treating physician are entitled to more weight than that of a one-time consultative examiner." Pl. Obj. at 12-14, 15.

As a general matter, both the Social Security Regulations and the United States Court of Appeal for the Third Circuit recognize that retrospective opinions are often necessary in a disability determination involving a slowly progressing impairment, such as the degenerative joint disease diagnosed in Plaintiff's knees. SSR 83-20; *Newell v. Comm'r of Soc. Sec.,* 347 F.3d 541, 547-48 (3d Cir. 2003) (Retrospective opinions are entitled to deference and should not be automatically rejected). However, any such medical opinion must be consistent with the record as a whole. *Sell v. Barnhart,* Civ. No. 02-8617, 2003 WL 22794702, at *2 (E.D. Pa. Nov. 17, 2003) (*citing* 20 C.F.R. §404.1527(d)(4)). Magistrate Judge Cohn's R&R demonstrates that the ALJ considered Dr O'Brien's retrospective opinion but found it to be inconsistent with the record. The ALJ supports this determination by pointing to negating contemporaneous records and correctly concludes that the objective medical evidence from the relevant time frame did not support a finding of disability.

The ALJ's findings were supported by substantial evidence and the Court finds that this objection is without merit.

Plaintiff also takes issue with the fact that the ALJ did not give greater weight to Dr. O'Brien's RFC opinion. Plaintiff insists that simply because Dr. O'Brien is a treating source, his RFC determination should be accorded more weight than a non treating physician's. Plaintiff fails to understand however, that this enhanced weight is not automatically bestowed. *See* 20 C.F.R. § 416.927(d)(2). Even if a treating source's opinion is entitled to great weight, a treating physician's statement that a claimant is unable to work or is disabled is not dispositive. 20 C.F.R. § 416.927(e)(1). The final determination of disability is a matter to be resolved by the Commissioner and not Plaintiff's physician. *See Brown v. Astrue,* 649 F.3d 193, 196 n.2 (3d Cir. 2011)("the law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity.") Magistrate Judge Cohn's R&R, once again, demonstrates that the ALJ's decision to give little weight to Dr. O'Brien's RFC was supported by substantial evidence.

**III. Conclusion**

This Court agrees with Magistrate Judge Cohn's analysis and is unpersuaded by the Plaintiff's objections. Accordingly, the Court will adopt the R&R and affirm

the Commissioner's decision to deny Plaintiff benefits. An order consistent with this memorandum follows.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge